# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1262V

| | |
|---|---|
| LORI A. BRANNAN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 13, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 16, 2024, Lori Brannan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration after receiving a tetanus-diphtheria-acellular pertussis vaccine on August 30, 2023. Petition, ECF No. 1. On June 10, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,419.74 (representing $26,847.00 in fees plus $572.74 in costs). Application for Fees and Costs ("Motion") filed June 11, 2025, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 33.

Respondent reacted to the motion on June 25, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 34. Petitioner filed a reply requesting the Court to proceed to a decision on the Motion. ECF No. 35.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested that I apply the hourly rate of $470.00 for 2025 work performed by her attorney Richard Moeller, representing a rate increase of $34.00 from the previous year. Petitioner has also requested the rate of $171.00 for paralegal work performed in 2025. I find the proposed rates to be reasonable and hereby award them herein. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 32-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,419.74 (representing $26,847.00 in fees plus $572.74 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

Chief Special Master